**MYERSON et al. v. SAMUEL, Mayor, et al.**

**Civ. A. No. 7863.**

District Court, E. D. Pennsylvania.

Oct. 31, 1947.

2. The organization proposes to hold a meeting in Independence Square Park, on the south side of Independence Hall, in the City of Philadelphia, on Saturday, November 1, 1947, from 2 P.M. to 4 P.M., to protest · against the activities of a Congressional committee which they claim has subverted the civil rights of the people who are appearing before it.

3. Plaintiffs contacted the Bureau of Police for a permit to hold the meeting, and were informed that the police had no objection to holding such a meeting, but that it would be necessary to contact the Bureau of City Property.

4. Plaintiffs requested permission from Nathan H. Rambo, Chief of Bureau of City Property, to hold a meeting at the time and place indicated.

5. Nathan H. Rambo refused such permission on the ground that this property is not used for public meetings but for public celebrations approved by the City, and for the reason that there may be destruction to the grounds, and that this place was reserved for meetings of a patriotic nature, and that the plaintiff organization was not the proper type of patriotic organization, and because the status of some of the present applicants as to their loyalty to our Country is being questioned at the present time.

6. There does not appear from the evidence that there is any danger of any property destruction.

7. An ordinance of the City, enacted January 8, 1913, prohibits this property to be used for public or private meetings unless they be patriotic meetings to celebrate some event in the history of the City, State or Nation.

8. Public meetings have been held in the past and permits issued by the defendant Rambo, one, within the last year, to protest "the British terror".

9. There is no evidence that the proposed meeting will be a clear and present danger to our form of government.

Saul C. Waldbaum and Francis Fisher Kane, both of Philadelphia, Pa., for plaintiffs.

Frank F. Truscott and James Francis Ryan, both of Philadelphia, Pa., for defendants.

BARD, District Judge.

### Findings of Fact.

1. Plaintiffs are an organization claiming to espouse the economic and social needs of democracy.

### Conclusions of Law.

1. The Court has jurisdiction of the parties and of the subject matter.

2. The effect of the defendant Rambo's action is to deny, under color of local authority, the right to freedom of speech and the freedom of peaceful assembly.

3. The defendant Rambo's refusal is discriminatory against the plaintiffs.

4. The complaint will be dismissed as to Bernard Samuel, Mayor of the City of Philadelphia, and James H. Malone, Director of Public Safety.

5. A preliminary injunction will be entered against Nathan H. Rambo, Chief of Bureau of City Property, and all persons acting under or in concert with him, enjoining him and them from interfering with the plaintiffs in their individual capacity in holding a public meeting in Independence Square Park, in the City of Philadelphia, on Saturday, November 1, 1947, between the hours of two o'clock and four o'clock in the afternoon.

6. Plaintiffs are required to file a bond in the sum of $2500.